**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-40612

(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DAVID GEORGE CROCKER,

                              Defendant-Appellant.


_____

Appeal from the United States District Court
For the Eastern District of Texas
(4:96-CR-2-1)
_____

March 12, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    David George Crocker appeals his sentence for interstate transportation of stolen property in violation of 18 U.S.C. § 2314. Crocker's court-appointed counsel alleges that there are no meritorious issues for appeal and has submitted a motion to withdraw. Finding no meritorious issues for appeal, we grant defense counsel's motion and dismiss Crocker's appeal.

_____

[*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Crocker moved a stolen Caterpillar front end loader with backhoe and a Honda water pump from a construction site in Sadler, Texas to a site in Oklahoma. It is undisputed that the loader was worth more than $40,000 and that Crocker knew it was stolen. Crocker cased the site several days prior to the theft. In preparation and furtherance of the offense, Crocker solicited one Joseph Carrell to assist him, stole a goose-necked trailer to transport the loader, attempted to paint over the loader's serial number, and arranged to store the backhoe on a farm in Oklahoma.

A grand jury in the Eastern District of Texas indicted Crocker on charges of interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and aiding and abetting in violation of 18 U.S.C. § 2. Crocker entered into a plea agreement. The district court sentenced him to an eighteen-month prison term, ordered him to serve a three-year term of supervised release, pay a $3,000 fine, and pay a $50 mandatory assessment. Crocker appeals his sentence, but does not specify any grounds for this appeal.

Crocker's court-appointed counsel filed a motion to withdraw from this appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). *Anders* provides appointed counsel the opportunity to withdraw from an appeal when he or she finds that no nonfrivolous issues remain. *Id*. at 744, 87 S. Ct. at 1400. Counsel must request permission from the appellate court to withdraw and supply a brief referring to anything in the record

that might support an appeal. *Id*. Moreover, the appellant independently may brief any issues to the court that arguably support his appeal. *Id*. Following these actions, the court must fully examine all proceedings to determine whether meritorious issues remain for appeal. If there are none, the court may grant counsel's motion to withdraw and dismiss the appeal. *Id*. Accordingly, under *Anders* we must examine the record to determine the propriety of each stage of trial, including any pretrial proceedings, the indictment, the plea hearing, and the sentencing hearing, to ensure that there are no meritorious issues for appeal.

The record points to no issues in the pretrial proceeding or the indictment that might arguably support the appeal. *Id.* at 744, 87 S. Ct. at 1400. Crocker filed no pretrial motions, so there were no pretrial proceedings. Further, the indictment suffers from no appealable defects. Under the law of this circuit, an indictment is sufficient if it (1) contains the elements of the offense charged; (2) fairly informs the defendant of the charge against him; and (3) enables him to plead acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Hagmann*, 950 F.2d 175, 183 (5th Cir. 1991), *cert. denied*, 506 U.S. 835, 113 S. Ct. 108, 121 L. Ed. 2d 66 (1992). The indictment in this case charged Crocker with unlawfully transporting a stolen backhoe and water pump with a value of $5,000 or more in interstate commerce with knowledge that the equipment was stolen. The

indictment contains the elements of the offense. *See United States v. Perry*, 638 F.2d 862, 864-65 (5th Cir. 1981) (listing elements of interstate transportation of stolen property as knowingly and willingly moving items of stolen property, worth at least $5,000, in interstate commerce). Additionally, the indictment states the specific code section violated and includes a description of the loader and pump. Therefore we find that the indictment fairly informs Crocker of the charges against him. *Hagmann*, 950 F.2d at 183.

The indictment is also sufficient as to the charge of aiding and abetting. Aiding and abetting is not listed separately, but is included in Count 1 of Crocker's indictment. Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, even if implicit. *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). A charge of aiding and abetting, implicit in the indictment, is generally sufficient if the indictment lists the elements of the offense, informs the defendant, and enables him to make subsequent pleas. *See id*. (finding no abuse of discretion in jury instruction on aiding and abetting, when indictment lacked elements of offense but referenced 18 U.S.C. § 2). Therefore, we find that the indictment is sufficient under the law of this circuit.

Next we must look to the plea hearing to determine whether any issues merit appeal. Because Crocker pled guilty, we must ensure

that his constitutional rights were waived voluntarily and knowingly. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969). Before accepting a plea of guilty, the trial court must address the defendant personally in open court and determine that the defendant understands the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Fed. R. Crim. P. 11(c)(1). "This Court has long analyzed Rule 11 as addressing three 'core concerns': (1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of his plea." *United States v. Johnson*, 1 F.3d 296, 300 (5th Cir. 1993) (en banc). Further, the district court must inform the defendant about the use of the sentencing guidelines to determine punishment and inform him that the court may depart from these guidelines. *United States v. Hekimain*, 975 F.2d 1098, 1103 (5th Cir. 1992). Finally, the district court must describe to the defendant the terms and conditions of supervised release. *Id*.

During the plea hearing, the court verified Crocker's reason for pleading guilty. Crocker admitted that his plea was voluntary and that he was neither coerced nor promised anything in exchange for his guilty plea. The court informed Crocker of the consequences of his plea, described supervised release, and explained the use of the sentencing guidelines. Therefore, we find

-5-

that Crocker's plea was completely proper under Rule 11 and the law of this circuit.

Finally, we must review the record of the sentencing hearing for any issues that might arguably support the appeal. During sentencing, Crocker filed two objections to the Presentence Report (PSR). Crocker first objected to the PSR's failure to recommend a two-level decrease in offense level for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1. The district court agreed with Crocker and granted the two-level decrease. Crocker also objected to the PSR recommendation of a two-level increase of the offense level for "more than minimal planning." *See* U.S.S.G. Manual § 2F1.1(b)(2)(A) (1995). The district court held that the crime involved more than minimal planning and adopted the two-level increase over Crocker's objection.

Were we reviewing this two-level increase on the merits, we would review for clear error the district court's determination that the crime involved "more than minimal planning." *United States v. Clements*, 73 F.3d 1330, 1341 (5th Cir. 1996). The Sentencing Guidelines define "more than minimal planning" as "more planning than is typical for the commission of the offense in a simple form." U.S.S.G. Manual § 1B1.1, commentary, n.1(f) (1995) The record clearly indicates planning on Crocker's part. For example, Crocker observed the backhoe in Texas several days prior

to the theft and thereafter recruited a confederate to help him steal it across state lines. He acquired a trailer, which he used to transport the backhoe, and he made arrangements to stash the backhoe in Oklahoma. Therefore, the district court could reasonably have found that Crocker committed the offense with more planning than is typical for the commission of this offense in a simple form. *See United States v. Barndt*, 913 F.2d 201, 204 (5th Cir. 1990) (upholding district court's finding of more than minimal planning when defendant formed intent, in advance, to steal copper wire from hanging telephone line, collected cutting tool, cut wire, loaded wire into vehicle, sought buyer, transported it to buyer, and made sale).

Crocker made no other objections at sentencing. The record reveals no clear error committed by the district court in relation to Crocker's sentencing. Accordingly, we find nothing in the sentencing record that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400.

Crocker was provided with a copy of counsel's brief and given an opportunity to raise any issues he chose. However, Crocker did not submit a brief. After a full examination of all the proceedings, we find no meritorious issues to support Crocker's appeal. Therefore, we GRANT counsel's request to withdraw, and we DISMISS this appeal.